IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal Action No.:  2:19-CR-13 ( JUDGE KLEEH) |
| JOSHUA JESSIE WHITE, | |
| Defendant. | |

### REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO SUPPRESS BE DENIED

This matter is before the undersigned pursuant to a referral by United States District Judge Thomas S. Kleeh to address Defendant's Motions to Suppress Physical Evidence filed on December 2, 2019.  (ECF No. 172). This matter has been fully briefed and oral argument was heard on the matter on January 10, 2020. (ECF No. 216). This matter is now ripe for a report and recommendation to the Honorable Thomas S. Kleeh. Accordingly, the undersigned **RECOMMENDS** that the Motion (ECF No. 172) be **DENIED** in this entirety for the foregoing reasons.

### I.  BACKGROUND

On April 16, 2019, Defendant was indicted on three counts of a three count Indictment alleging that Defendant unlawfully possessed a firearm, possessed methamphetamine with the intent to distribute, and unlawfully possessed a firearm in the furtherance of a crime. ECF No. 1. On June 18, 2019, Defendant was indicted on six counts of a twelve count Superseding Indictment, which added the charges on conspiracy to distribute methamphetamine and two other unlawful possession of a firearm charges. ECF No. 32. The Superseding Indictment also added four other named defendants.

## II.  PROCEDURAL HISTORY

### A.  Motions to Suppress

On December 2, 2019, Defendant, by and through counsel, filed a Motion to Suppress and argued that the evidence obtained during a search of Defendants vehicle following an attempted traffic stop and vehicle chase in which Defendant and his passenger left the vehicle following its crash into a ditch should be suppressed. (ECF No. 172). Defendant argued that the search of the vehicle was warrantless and non-consensual, and the contraband was not in plain view to justify a warrantless search. Defendant argued that Defendant and his passenger were in handcuffs and could not access the vehicle so there was no justification in law enforcement's search of the vehicle. Defendant also stated that he was arrested for "fleeing with reckless indifference" and no reasonable person would believe there to be evidence of the offense of arrest in the vehicle was related to that charge.

### B.  The Government's Response to Defendant's Motion

On December 16, 2019, the Government filed its Objection to Second Suppression Motion (ECF No. 187) which argued that Defendant's motion should be denied because Defendant has no privacy interest in the vehicle. The Government argued that Defendant abandoned the vehicle following a police chase and Defendant and the passenger ran away from the vehicle after crashing it in a ditch and hid in an outbuilding. Defendant argued that as a result, there was no Fourth Amendment violation.

### C.  The Testimony

The Government called Trooper First Class D.T. Stallings. Trooper Stallings testified that on October 27, 2018, that he encountered Defendant Joshua White in a parking lot after his assistance was requested by the Elkins Police Department. (FTR Recording, Jan. 10, 2020, at

1:46:00 PM).[1] Trooper Stallings testified that he went to the parking lot and parked on a side road. Id. He testified that he saw a black GMC SUV approach the area. Id. Trooper Stallings testified that he believed the driver to be Joshua Jessie White and he attempted to initiate a traffic stop. Id. Trooper Stallings testified that Mr. White stopped his vehicle for approximately ten seconds and then drove off at a high rate of speed. Id. Defendant traveled south on Highway 250. Id. Trooper Stallings testified that the pursuit lasted from approximately 3:38 AM and lasted until 3:46 AM. Trooper Stallings testified that he turned his lights on in his vehicle. Defendant was traveling dangerously and grossly in excess of the speed limit. (1:47).

Trooper Stallings testified that at one point during the pursuit, Defendant cut off a vehicle that was not involved in the pursuit and almost struck the vehicle and caused their vehicle to slam on the brakes to avoid collision. Id. Trooper Stallings testified that the pursuit ended when Defendant lost control of his vehicle on a turn, landed in a ditch, and his vehicle got stuck. (1:48). Trooper Stallings testified that while he did not witness the actual wreck, he approached the wreck scene approximately 30 seconds after it occurred. Id. Trooper Stallings testified that he conducted a search of the surrounding area and determined that Defendant had fled east on foot from the wreck. Id. Trooper Stallings testified that the vehicle was still running and was stuck in the ditch when he fled. Id.

Trooper Stallings testified that he and other law enforcement found Defendant in an outbuilding in a field on someone's private property. (1:49). Defendant was found approximately five minutes into law enforcement's search for him. Defendant was then arrested and searched. Defendant was found carrying an empty nylon holster, which Trooper Stallings states in indicative of someone who is carrying a firearm. The area around Defendant was searched and the search

---

[1] This citation will be shortened throughout the Report and Recommendation.

yielded no firearm. Law enforcement then returned to Defendant's vehicle and discovered two loaded firearms in the vehicle. Trooper Stallings testified that he did not believe Defendant was going to return to the vehicle as he was hiding in a ditch trying to evade police officers. (1:50).

On cross-examination, Trooper Stallings was asked if the weapons found in the vehicle were in plain view. (1:52). Trooper Stallings testified that the firearms were tucked beside the driver seat and he could not see them from the outside. Id. Trooper Stallings testified that he had to open the vehicle to search the vehicle in order to find the firearms. (1:53). Trooper Stallings testified that a cylinder and a clear bag were both located in plain view and drugs were ultimately found inside them. Trooper Stallings testified that he did not need to open the bag in order to determine what was inside the plastic bag. Id. Trooper Stallings testified that the substance found inside the clear plastic baggy tested positive for the methamphetamine and bath salts. (1:54). Trooper Stallings testified that he actually obtained a search warrant forty hours after the incident, once the vehicle was impounded. (1:55).

On re-direct examination, Trooper Stallings re-testified that the clear baggies which contained the drugs was in plain view. (1:56).

### III. ANALYSIS

"To safeguard this right, courts apply an exclusionary rule, which dictates that "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure." United States v. Small, 944 F.3d 490 (4th Cir. 2019) (citing United States v. Calandra, 414 U.S. 338, 347-48, (1974)). The Fourth Amendment is subject to "well-delineated exceptions," one of which is abandonment. Small, 944 F.3d at 502. "A person who voluntarily abandons his property 'loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence from the property.'"

United States v. Kirlew, 291 Fed App'x 536 (4th Cir. 2008) (quoting United States v. Leshuk, 65 F.3d 1105 (4th Cir. 1995)).

"In determining whether property has been abandoned, we must consider "not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the [property] alleged to be abandoned." Kirlew, (quoting United States v. Stevenson, 396 F.3d 538 (4th Cir. 2005)). To determine whether a defendant maintains a property right in an item, a reviewing court must provide an objective analysis when reviewing a defendant's actions and intentions, thus only considering objective information known the officers at the time of the search. Small, 944 F.3d at 502. Moreover, "abandonment may be found where a fleeing defendant "relinquishes an object to make his flight easier." United States v. Baskinski, 226 F.3d 829 (7th Cir. 200).

The undersigned finds that the holding in Kirklew is instructive in this matter. In Kirklew, the defendant was being pursued by law enforcement in a high-speed chase. Sometime into the chase, the defendant jumped out of the moving vehicle and fled away from officers. The vehicle rolled to a stop in the middle of the road. Officers subsequently search the vehicle prompting the defense counsel to challenge the admission of the evidence. In upholding the district court's denial of the motion to suppress, the Fourth Circuit found that the defendant's actions were indicative of his intent to abandon the vehicle and subsequently relinquished his privacy rights in the vehicle as a result of the abandonment.

Similarly, here, Defendant was fleeing from police in his vehicle after failing to yield to officer's attempted traffic stop. Defendant then crashed the vehicle into a ditch. Defendant thereafter left his vehicle running, fled the scene, and hid in an outbuilding nearby. The undersigned finds that Defendant's actions demonstrate his intent to abandon his vehicle and

consequentially relinquishing his privacy rights. Accordingly, the undersigned finds that Defendant's Fourth Amendment rights were not violated.

### IV. RECOMMENDATION

For the above stated reasons, the undersigned **RECOMMENDS** that the Motion to Suppress be **DENIED** (ECF No. 172).

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a Copy of this Report and Recommendation of counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Date: January 23, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE